**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMMY GOFF COHEN,<br><br>Plaintiff,<br><br>v.<br><br>EDWIN WU, ESQ., et al.,<br><br>Defendants. | Civil Action No. 21-965 (MAS) (DEA)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Tammy Goff Cohen's civil complaint. (ECF No. 1.) As Plaintiff has previously been granted *in forma pauperis* status in this matter (*see* ECF No. 2), this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety.

**I.     BACKGROUND**

Plaintiff is a state prisoner currently confined in the Monmouth County Correctional Institution. (ECF No. 1 at 1; ECF No. 1-1 at 4.) According to her complaint, Plaintiff's public defender, Defendant Edwin Wu, "continually violated [her] rights" by refusing to file motions or appeals as she requested, and in requesting a mental evaluation which Plaintiff contends "waste[d] her] time." (*Id.* at 2.) Plaintiff further contends that Defendant Susie Chung, a psychologist at Ann Klein, violated her rights by failing to give her a "proper [mental] evaluation." (*Id.*) Although

the nature of this evaluation, its purpose, and its consequences are unclear from Plaintiff's complaint, she alleges that Dr. Chung terminated the evaluation early due to a "lack of focus," presumably on Plaintiff's part, and that the doctor gave her a diagnosis with which she vehemently disagrees. (*Id.*) The full extent of that diagnosis is unclear, but Plaintiff suggests that the doctor found her incompetent to care for herself and to be a danger to herself and others. (*Id.*) Without providing further details, Plaintiff further suggests that Dr. Chung "wants to force drugs" on her. (*Id.*) It is unclear what these drugs may be, whether they were actually prescribed, whether Plaintiff actually was made to take them, or for what purpose the doctor seeks to have Plaintiff take them.

## II.     LEGAL STANDARD

Because Plaintiff was granted *in forma pauperis* status, this Court is required to screen her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-

2

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In her first claim, Plaintiff seeks to raise a claim against her public defender for allegedly failing her in various ways in relation to his representation of Plaintiff in an unspecified criminal matter. Public defenders, however, are absolutely immune from suit for actions they take within the scope of their professional duties as criminal counsel as they do "not act under color of state law when performing a lawyer's traditional functions." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014). As Plaintiff pleads no facts which would suggest that counsel's alleged failings fell outside the scope of his duties as counsel, and instead pleads facts suggesting that counsel's alleged failings all do relate to his role as criminal defense attorney, it appears that

3

Defendant Wu is immune from suit for the claims Plaintiff seeks to raise. Plaintiff's claims against Wu are therefore dismissed without prejudice.[1]

In her remaining claim, Plaintiff wishes to raise a claim against Defendant Chung based on Chung failing to properly evaluate her psychologically. Plaintiff, however, has failed to identify the circumstances giving rise to that evaluation, or what consequences it may have had upon her criminal or other proceedings (such as a civil commitment proceeding or the like). Indeed, Plaintiff has not even clearly delineated what the exact conclusion Dr. Chung reached was, let alone how it impacted her rights. In the absence of that information, it is not clear what right Plaintiff believes was violated by the doctor's psychological evaluation, or in what way the evaluation violated that right. Plaintiff's claim against Dr. Chung is therefore dismissed without prejudice as the Court cannot determine the exact basis of Plaintiff's claim against Dr. Chung without further factual allegations.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is dismissed without prejudice in its entirety. An order consistent with this Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] Because Plaintiff's claims are less than clear and it is possible some of Plaintiff's claims against Wu may fall outside of the attorney-client relationship, this Court will not dismiss these claims with prejudice at this time and will instead permit Plaintiff one opportunity to amend her claims against Wu to the extent that any of her claims were intended to arise out of events outside of Wu's representation of Plaintiff.

4